IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| v. | ) Criminal Action No. 1:14-cr-306-13 (RDA) |
| | ) |
| GENARO SEN GARCIA, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM OPINION AND ORDER

This matter comes before the Court on Defendant Genaro Sen Garcia's *pro se* Motion to Reduce Sentence, pursuant to the 821 Amendments to the Sentencing Guidelines. Dkt. 1228. Having considering Defendant's Motion together with the Government's Opposition (Dkt. 1230), this Court DENIES the Motion for the reasons that follow.

### I. BACKGROUND

The facts here are appropriately drawn from the Statement of Facts to which Defendant admitted during his plea colloquy and the Presentence Investigation Report (the "PSR") adopted by the Court at sentencing. Dkt. Nos. 241 (the "SOF"); 270 (the "PSR"); 435 (the "J&C").

On September 25, 2024, Defendant was charged in a second superseding indictment with murder in aid of racketeering, in violation of 18 U.S.C. §§ 1959(a)(1) & (2). Dkt. 270 at 4. On February 6, 2015, Defendant pleaded guilty to the charge of murder in aid of racketeering. *Id.* On August 20, 2015, former U.S. District Court Judge Gerald Bruce Lee sentenced Defendant to a life term of imprisonment, based on the statutory mandatory minimum. Dkt. 435 at 1.

Defendant filed a motion for a reduction in sentence *pro se* on June 6, 2024. Dkt. 1228. In his pending Motion, Defendant seeks a reduction of his sentence based on the 821 Amendments. *Id.* at 1. On June 27, 2024, the Government filed its opposition to the Motion. Dkt. 1230.

III. ANALYSIS

Defendant seeks a sentence reduction pursuant to Amendment 821 of the Sentencing Guidelines based on having been a zero-point offender. Dkt. 1228 at 1. But Defendant's sentence involved violence, the offense resulted in death, and Defendant possessed a dangerous weapon in connection with the offense. Dkt. 1229 at 1. Although Defendant has zero criminal history points, pursuant to USSG § 4C1.1(a)(3), (4), and (7), Defendant is not entitled to a reduction as a zero-point offender where the Defendant's offense resulted in death, involved violence and a deadly weapon. Accordingly, Defendant's Motion, Dkt. 1228, premised on Amendment 821, will be denied.

IV. CONCLUSION

In sum, Defendant is ineligible for a reduction in sentence pursuant to USSG §§ 4C1.1(3), (4), and (7).

Accordingly, it is hereby **ORDERED** that Defendant's Motion (Dkt. 1228) is **DENIED**.

The Clerk is directed to forward copies of this Order to counsel of record, the U.S. Marshals Service, the Federal Bureau of Prisons, and the U.S. Probation Office.

It is SO ORDERED.

Alexandria, Virginia
November 6, 2024

/s/
Rossie D. Alston, Jr.
United States District Judge